IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS R. LUGO, Sr.,

    Petitioner,           No. 2:13-cv-0443 AC P

   vs.

Warden, AVENAL STATE PRISON,

    Respondent.        ORDER AND

_____/    FINDINGS & RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        Petitioner challenges his September 2006 conviction for spousal rape (2 counts), and one count each of assault and kidnapping in San Joaquin County Superior Court. Petition, p. 1. Petitioner was sentenced to a state prison term of seventeen years. Id. Petitioner raises one ground: ineffective assistance of counsel at a critical stage of pretrial proceedings. Id. at 4. In an accompanying motion for the court to stay the petition, petitioner refers to his petition as a

1

"retroactive filing." ECF No. 3. He concedes that he has yet to exhaust his claim in the state Supreme Court where he states he has a petition pending. Id.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Because petitioner's claim has not been presented to the California Supreme Court, the court finds that petitioner has failed to exhaust state court remedies. Further, there is no allegation that state court remedies are no longer available to petitioner.

Under certain circumstances, a prisoner may file a "protective petition" in federal court and seek a stay of federal proceedings until state remedies are exhausted. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). A federal court may stay a petition and hold it in abeyance pursuant to either Rhines v. Weber, 544 U.S. 269 (2005), or King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)). However, both procedures are available only when a petition contains both exhausted and unexhausted claims. Here, petitioner presents a single claim that has not been exhausted in state court. Accordingly, the petition should be dismissed without prejudice.[1]

Good cause appearing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to make a random assignment of a district

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

judge to this case;

      2. Petitioner is granted leave to proceed in forma pauperis;

      3. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that:

      1. Petitioner's motion for a stay (ECF No. 3) of his petition containing only an unexhausted claim be denied; and

      2. Petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 7, 2013.

                                                          ALLISON CLAIRE
                                                          UNITED STATES MAGISTRATE JUDGE

AC:009
lugo0443.103